TWENTY-THREE NINETEEN CREEKSIDE, INC., MICHAEL D. BALDIGO, A PERSON OTHER THAN THE TAX MATTERS PERSON, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Twenty-Three Nineteen Creekside, Inc. v. Commissioner
Docket Nos. 2345-90, 8007-90
United States Tax Court
T.C. Memo 1990-649; 1990 Tax Ct. Memo LEXIS 724; 60 T.C.M. (CCH) 1506; T.C.M. (RIA) 90649; December 27, 1990, Filed *724 Appropriate orders will be issued in each docket. Michael E. Baldigo, for the petitioner. ShelleyAnne Chang, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
*2155 MEMORANDUM OPINION These two cases were assigned pursuant to section 7443A(b) and Rule 180 et seq. [1] for purposes of hearing respondent's motion to correct caption in docket No. 2345-90, and respondent's motion to dismiss for lack of jurisdiction in docket No. 8007-90. Since both motions revolve around the question of who was (or was not) the tax matters person of Twenty-Three Nineteen Creekside, Inc., a corporation, during the fiscal year ended June 30, 1984, we consider both motions in this opinion. *726 Respondent mailed four identical Notices of Final S Corporation Administrative Adjustment (hereafter FSAA) on December 21, 1989. The one attached to the petitions in these two cases was addressed to Michael E. Baldigo, Tax Matters Person, 30 Creekwood Square, Rohnert Park, California, in regard to a California Subchapter S corporation, Twenty-Three Nineteen Creekside, Inc. (hereafter the corporation) for the corporation's tax year ended June 30, 1984. Others were sent addressed as follows: Tax Matters Person Twenty-Three Nineteen Creekside, Inc. 2319 Creekside Road Santa Rosa, CA. 95405 Tax Matters Person Twenty-Three Nineteen Creekside, Inc. Post Office Box 2010 Sparks, NV. 89432 Michael E. Baldigo Post Office Box 2010 Sparks, NV. 89432 During the year ended June 30, 1984, there were three shareholders of the corporation, one of whom was Mr. Baldigo, who had a 72 percent interest in the corporation. Alvis Rushton owned 25 percent of the corporate shares, and the remaining 3 percent was held by R. B. Loughman. On October 1, 1984, all interest in the corporation passed to Alvis M. Rushton. The return for the corporation's June 30, 1984, year was filed *727 on March 15, 1985. The return was signed by A. M. Rushton, President and prepared by Michael E. Baldigo. The address indicated on the return was Post Office Box 2010, Sparks, Nevada. In docket No. 2345-90, the petition was filed on February 5, 1990, by Michael E. Baldigo for the corporation. In the body of the petition, Mr. Baldigo indicated he was not the tax matters person, and accordingly, the caption of the case was entitled Twenty-Three Nineteen Creekside, Inc. by Michael E. Baldigo, a person other than the tax matters person. This petition was filed within the 90-day period from the date of the mailing of the FSAA by respondent. It is in regard to this petition that respondent filed his motion to correct caption, to indicate that Mr. Baldigo was the tax matters person. After the filing of the petition in docket No. 2345-90, this Court issued an order that petitioner file a Notice of Identification of Tax Matters Person, and petitioner responded by identifying the tax matters person as Alvis M. Rushton. It is the contention of Mr. Baldigo that Mr. Rushton is the tax matters person (hereafter TMP) of the corporation. In docket No. 8007-90, a petition from the same FSAA *728 was filed in the Court on April 27, 1990, signed by Michael E. Baldigo, a person other than Tax Matters Person erroneously served as a Tax Matters Person. This petition was filed protectively, within the statutory time period during which a person other than the TMP might file a petition with this Court. Respondent has moved to dismiss this petition for lack of jurisdiction on the ground that the TMP, Mr. Baldigo, had already filed the petition in docket No. 2345-90 with respect to the same FSAA. Mr. Baldigo argues that respondent has sent an FSAA for the subsequent taxable year ended June 30, 1985, to Mr. Rushton as the TMP for the same corporation, and that only Mr. Rushton should be treated as the TMP for both years in controversy. Further, Mr. Baldigo alleges that Mr. Rushton executed a Form 872-R, Special Consent to Extend the Time to Assess Tax attributable to items of an S Corporation for the year ended June 30, 1984. Mr. Rushton executed the consent as president of the corporation in the space next to the printed words "Tax Matters Person Signature Here." In addition, Mr. Baldigo signed the consent in the space next to the words "Authorized Representative Sign Here." Mr. *729 Baldigo contends that if Mr. Rushton is not the TMP the consent is invalid, and that accordingly, the statute of limitations prevents *2156 respondent from making any assessment for that year. Mr. Baldigo goes on to contend that the FSAA procedure does not apply to a subchapter S corporation with only three persons. We deal first with the contention that the audit and litigation provisions of section 6241 et seq. do not apply to a subchapter S corporation with but three shareholders. The Subchapter S Revision Act of 1982, Pub.L. 97-354, 96 Stat. 1669, provides, inter alia, for a consideration of the tax treatment of items of subchapter S income deductions and credits in a unified proceeding rather than in separate proceedings with shareholders. Thus, section 6241 provides that the treatment of any subchapter S item shall be determined at the corporate level. Each shareholder is to be given notice of, and the right to participate in, any administrative or judicial proceeding for the determination at the corporate level of any subchapter S item. Sec. 6243. Certain of the TEFRA partnership provisions are made applicable to subchapter S items by section 6244. That section *730 provides, in effect, that except to the extent modified or made inapplicable in regulations, the provisions of subchapter C which relate to assessing deficiencies, filing claims for credit or refund, with respect to partnership items, as well as judicial determination of partnership items are extended to and made applicable to subchapter S items. Section 301.6241-1T(c)(2)(ii), Temporary Proced. & Admin. Regs., (Jan. 30, 1987), provides that where an S corporation consists of five or fewer shareholders, the tax treatment shall not be determined at the corporate level. The Temporary Regulation, however, is applicable only to the taxable year of an S corporation when the due date of the return is on or after January 30, 1987. The adjustments at bar were for the year ended June 30, 1984, and hence the Temporary Regulation is inapplicable. We must, therefore, consider this matter in relation to earlier cases which also arose without the assistance of Treasury Regulations. We have held that the small partnership exception set forth in section 6231(a)(1)(B) was applicable to S corporation audits by section 6244(2) so that an S corporation with only one *731 shareholder was exempt from S corporation audit and litigation procedures. . In 111 West 16, we refused to extend our Blanco holding to a three-shareholder S corporation, and held that the determination as to the qualifying number of shareholders for the S corporation exception was an administrative function. Compare . Accordingly, we hold that in the case at bar, where the year in question ends June 30, 1984, the S corporation audit and litigation provisions are applicable to this corporation which had three shareholders. Therefore, the subchapter S items will be considered at the corporate level, rather than at shareholder levels. We turn now to determine who is the tax matters person of the corporation. First, we point out that it is clear that Mr. Rushton executed the tax return for the year in issue as "President." Further, he also signed the Form 872-R Special Consent as President of the corporation in the space next to the words *732 "Tax Matters Person Signature Here." In addition, the record indicates that the report on the examination of the corporation for its fiscal years ended June 30, 1984 and 1985 was addressed by respondent to Alvis Rushton, Tax Matters Person. Mr. Baldigo contends that Mr. Rushton is the TMP for the corporation; respondent contends that Mr. Baldigo, who had the largest shareholder interest, is the TMP. TEFRA partnership provisions were made applicable to subchapter S items for tax years beginning after December 31, 1982, "except to the extent modified or made inapplicable in regulations." Sec. 6244. To date, the Secretary has not set forth by regulations the manner in which designation of a TMP is to be made. Accordingly, the provisions of section 6231(a)(7) regarding partnership designation of a tax matters partner apply through the incorporating provisions of section 6244. Section 6231(a)(7) defines a tax matters partner of any partnership as (a) the general partner so designated or (b) lacking such designation, the general partner with the largest profits interest. There has been no designation of a TMP by the shareholders in this matter. Petitioner's contention that respondent *733 in effect has chosen a TMP by addressing mail to Mr. Rushton as tax matters person is incorrect. The record does not show that the Secretary selected Mr. Rushton as the TMP for the corporation's tax year ended June 30, 1984. In the case at bar, none of the corporation's shareholders have made an attempt at a designation of a TMP for the year ended June 30, 1984. In such a posture, it is clear that the shareholder with the largest stock interest shall be considered the TMP for the corporation. That person is Michael Baldigo, the holder of 72 percent of the corporate shares for that year. Accordingly, respondent's motion to correct caption in docket No. 2345-90 will be granted to show Michael E. Baldigo as Tax Matters Person. Further, respondent's motion to dismiss for lack of jurisdiction the petition filed at docket No. 8007-90 is denied, but the petition will be dismissed for duplication as a petition has previously been filed by the TMP in docket No. 2345-90. *2157 Petitioner asks us to consider the validity of the Form 872-R consent executed by Mr. Rushton. We decline to do so in regard to these motions. That matter can be raised by petitioner at trial herein. *734 Further, we reject out-of-hand Mr. Baldigo's contention that the FSAAs were invalid because of the purported failure of the Internal Revenue Service to make full payment to the U.S. Postal Service for certified mailing fees. Appropriate orders will be issued in each docket. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩